IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHADERICK A. INGRAM,

    Plaintiff,

v.

CITY OF SACRAMENTO; UNITED STATES DISTRICT COURT EASTERN DISTRICT OF CALIFORNIA,

    Defendants.

_____/

No. 2:12-cv-2106-GEB-EFB PS

<u>ORDER AND</u>
<u>FINDINGS AND RECOMMENDATIONS</u>

This case, in which plaintiff is proceeding *in propria persona*, was referred to the undersigned under Local Rule 302(c)(21), pursuant to 28 U.S.C. § 636(b)(1). On August 13, 2012, plaintiff filed a complaint against the above-mentioned defendants pursuant to 42 U.S.C. § 1983.[1] Dckt. No. 1.

The court takes judicial notice of the proceedings in *United States v. Ingram*, 2:10-cr-00014-MCE-1 (E.D. Cal.), and *Ingram v. Grant Joint Union High School Dist., et al.*, 2:08-cv-

////

---

[1] Also on August 13, 2012, plaintiff filed an application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Dckt. No. 2. However, in light of the recommendation of dismissal herein, plaintiff's request to proceed *in forma pauperis* will not be addressed.

1

2490-KJM-DAD (E.D. Cal.).  *See* Fed. R. Evid. 201.[2]  In the criminal case, Mr. Ingram was declared incompetent and un-restorable on the basis of mental health issues.  *See United States v. Ingram*, No. 2:10-cr-0014-MCE-1, Dckt. Nos. 32, 39, 40.  In the civil action, Mr. Ingram was represented by counsel, and a guardian ad litem was appointed for Mr. Ingram following the declaration of incompetence in the criminal action.  *See Ingram v. Grant Joint Union High School Dist., et al.*, 2:08-cv-02490-KJM-DAD, Dckt. Nos. 87-88.

In this action, Mr. Ingram is not represented by counsel and no guardian ad litem has been appointed.  It appears from his complaint that there has been no change in his mental health status since the filing of the declaration of incompetence in the criminal case.  Indeed, the complaint acknowledges that Mr. Ingram is "mentally disabled."  *See* Dckt. No. 1, Compl., at 1.  An incompetent person can only proceed in federal court if represented by counsel.  *See Osei-Afriyie v. Med. College of Penn.*, 937 F.2d 876, 883 (3d Cir. 1991) ("It goes without saying that it is not in the interest of minors or incompetents that they be represented by non-attorneys.") (citation omitted), *quoted approvingly in Johns v. County of San Diego*, 114 F.3d 874, 877 (9th Cir. 1997) (holding that "a parent or guardian cannot bring an action on behalf of a minor child without retaining a lawyer"); *see also* William W. Schwarzer et al., *Cal. Practice Guide: Fed. Civ. Proc. Before Trial* § 7:41 (The Rutter Group 2011) ("A nonattorney parent or guardian cannot bring a lawsuit or defend an action in federal court on behalf of a minor or incompetent without retaining a lawyer") (citations omitted).

Although plaintiff requests the appointment of counsel pursuant to 28 U.S.C. § 1915(d), Dckt. No. 1 at 2, that request will be denied.  "The court may only designate counsel to represent an indigent civil litigant pursuant to 28 U.S.C. § 1915(d) in certain exceptional circumstances"

---

[2] The court may take judicial notice of filings in state court actions where the state court proceedings have a direct relation to the matters at issue.  *See, e.g., Betker v. U.S. Trust Corp. (In re Heritage Bond Litig.)*, 546 F.3d 667, 670 n.1, 673 n.8 (9th Cir. 2008); *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007); *see also Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) ("We may take judicial notice of court filings and other matters of public record.").

1  and that "[i]n considering whether exceptional circumstances exist, the court must evaluate (1)
2  the plaintiff's likelihood of success on the merits; and (2) the ability of the plaintiff to articulate
3  her claims pro se in light of the complexity of the legal issues involved." *Id.* (citing *Terrell v.*
4  *Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wood v. Housewright*, 900 F.2d 1332, 1335-36
5  (9th Cir. 1990); *Richards v. Harper*, 864 F.2d 85, 87 (9th Cir. 1988)).  Here, although plaintiff
6  may be unable to articulate his claims clearly, because plaintiff's complaint does not appear to
7  state any valid claims, when considering the likelihood of success and the complexity of the
8  issues, there are no exceptional circumstances justifying the appointment of counsel.
9       Accordingly, IT IS HEREBY ORDERED that plaintiff's request for counsel, Dckt. No. 1
10 at 2, is denied.
11      IT IS FURTHER RECOMMENDED that:
12      1. This case be dismissed without prejudice; and
13      2. The Clerk be directed to close this case.
14      These findings and recommendations are submitted to the United States District Judge
15 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen days
16 after being served with these findings and recommendations, any party may file written
17 objections with the court and serve a copy on all parties.  *Id.; see also* E.D. Cal. L.R. 304(b).
18 Such a document should be captioned "Objections to Magistrate Judge's Findings and
19 Recommendations."  Any response to the objections shall be filed with the court and served on
20 all parties within fourteen days after service of the objections.  E.D. Cal. L.R. 304(b).  Failure to
21 file objections within the specified time may waive the right to appeal the District Court's order.
22 *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156-57
23 (9th Cir. 1991).

DATED: August 21, 2012.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE